J. Paul Gignac (CSB #125676)
Kiley L. Grombacher (CSB# 245960)
**ARIAS OZZELLO & GIGNAC** LLP
4050 Calle Real, Suite 130
Santa Barbara, California 93110
Telephone: (805) 683-7400
Facsimile: (805) 683-7401
j.paul@aogllp.com

John B. Richards (CSB #175882)
**LAW OFFICE OF JOHN B. RICHARDS**
137 E. Anapamu Street
Santa Barbara, California 93101
Telephone: (805) 683-2736
Facsimile: (805) 965-5698
jbr@jbrlaw.com

Attorneys for Plaintiffs

FILED
2007 NOV 15 A 10: 34
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

Fee Paid
S1
99

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART HUTCHISON and BARBARA HUTCHISON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T INTERNET SERVICES, INC. f/k/a SBC INTERNET SERVICES, INC., a Delaware corporation and Subsidiary of AT&T, INC; YAHOO! INC., a Delaware corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: C07 05797 RS<br><br>**COMPLAINT FOR:**<br><br>1) **Violation Of California Civil Code § 1671;**<br>2) **Violation Of California Business And Professions Code § 17200; and**<br>3) **Declaratory Relief.**<br><br>**DEMAND FOR JURY TRIAL**<br><br><u>**CLASS ACTION**</u> |

## I. INTRODUCTION

All allegations made in this Complaint are based upon information and belief, except those allegations pertaining to Plaintiffs, which are based on personal knowledge. Each allegation in this Complaint either has evidentiary support or, alternatively, pursuant to

Case No.:                                   1

**COMPLAINT - CLASS ACTION**

Rules 8(e)(2) and 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## II. NATURE OF THE ACTION

This is a class action for violations of California state law arising out of defendants' practice of charging their customers an early termination fee ("ETF"). Specifically, when customers cancel defendants' service prior to the end of their service agreement with defendants, defendants penalize these customers by charging them an excessive, pre-determined ETF. Defendants assess an ETF regardless of pertinent factors, including the time remaining under the customer's contract. Defendants impose a costly ETF even where the customer cancelling service has moved or is moving to an area where defendants' service is unavailable. In sum, defendants, the parties with superior bargaining power, have carried out a wrongful business scheme regarding ETFs to deliberately cheat a large number of consumers out of individually small sums of money. Plaintiffs—a married couple who paid defendants' punitive, pre-determined ETF—bring this action in their own right and on behalf of a class of all others similarly situated.

## III. JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(d)(2) because the representative Plaintiffs reside in California and because many of the proposed class members are residents of states other than Delaware, the state in which defendants were and/or are incorporated. In addition, the total amount in controversy is believed to exceed $5,000,000.

2. Venue is proper in this judicial district pursuant to the SBC Yahoo! Terms of Service which provides that the parties "agree to submit to the personal and exclusive jurisdiction of courts located within the county of Santa Clara, California."

## IV. INTRADISTRICT ASSIGNMENT

3. Assignment of this matter is properly directed to the San Jose Division of this Court pursuant to Civil L.R. 3-2(e) because the SBC Yahoo! Terms of Service provides that the parties "agree to submit to the personal and exclusive jurisdiction of courts located within the county of Santa Clara, California."

Case No.: 2

**COMPLAINT - CLASS ACTION**

## V. PARTIES

4. Plaintiffs Stuart and Barbara Hutchison ("Plaintiffs") are and were, at all times relevant to this lawsuit, residents of California.

5. Defendant AT&T Internet Services, Inc. ("AT&T Internet"), formerly known as SBC Internet Services, Inc., is a Delaware corporation and a subsidiary of AT&T, Inc. doing business in the State of California.

6. Defendant Yahoo! Inc. ("Yahoo") is a Delaware corporation doing business in the State of California, with its principal place of business within the State of California, with corporate headquarters located in Sunnyvale, California.

7. AT&T Internet has partnered with Yahoo! to, *inter alia*, provide residential Internet services under the name AT&T Yahoo!. *See* AT&T, Residential DSL Services, http://www.att.com/gen/general?pid=6431 (accessed Feb. 23, 2007).

8. Plaintiffs are unaware of the true names, identities and capacities of the defendants sued herein as DOES 1 through 10. Plaintiffs will amend this Complaint to allege the true names and capacities of DOES 1 through 10 when ascertained. Plaintiffs are informed and believe, and thereupon allege, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and that each of the defendants sued herein as a DOE has proximately caused injuries and damages to Plaintiffs as set forth below.

9. As used herein, the term "Defendants" shall refer to AT&T Internet, Yahoo!, and DOES 1 through 10, collectively.

10. In this Complaint, when reference is made to any act, deed or conduct of Defendants, the allegation means that Defendants engaged in the act, deed or conduct by or through one or more of their officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of Defendants.

Case No.:                                    3

**COMPLAINT - CLASS ACTION**

## VI. FACTUAL ALLEGATIONS

11. In or around November 2004, Plaintiffs entered into a one-year service agreement with SBC Internet Services, Inc. and Yahoo! for the provision of Digital Subscriber Line ("DSL") high speed Internet and telephone services for their residence in Moorpark, California.

12. In or around October 2005—approximately two weeks before the expiration of Plaintiffs' service agreement with Defendants—Plaintiffs contacted Defendants and requested that Defendants discontinue their DSL and telephone services because Plaintiffs were planning to move to a Camarillo, California residence, where Defendants' services were not available. Only a few days later, Plaintiffs decided instead to move to a Carpinteria, California residence, where Defendants' services were also not available. Plaintiffs moved to their current residence in Carpinteria, California in October 2005.

13. Upon cancellation of Defendants' services, Defendants charged Plaintiffs an approximately $200 ETF. Defendants assessed this hefty ETF against Plaintiffs despite the facts that: (a) Plaintiffs could not possibly have continued their DSL and telephone services with Defendants because Defendants did not offer these services either in Camarillo, California or in Carpinteria, California; and (b) Plaintiffs sought to discontinue their DSL and telephone services only <u>two weeks</u> prior to the expiration of Plaintiffs' one-year service agreement with Defendants.

14. As a result, Defendants charged Plaintiffs, and Plaintiffs paid Defendants, a grossly excessive and, therefore, punitive ETF.

15. Beginning in or about May of 2006, Plaintiffs contacted Defendants in an effort to obtain a copy of their service agreement with Defendants. Despite numerous requests made by Plaintiffs, Defendants failed to provide Plaintiffs with a copy of their service agreement.

16. Thereafter, on October 24, 2006, Plaintiffs' counsel made a written request to SBC Internet Services, Inc. for a copy of all records (including, but not limited to, monthly billings, contracts, and customer service records) which were maintained by SBC

Internet Services, Inc. related to the DSL and telephone services provided to Plaintiffs. The written request was accompanied by an "Authorization For Release Of Records" which was signed by Plaintiffs and which authorized the release of Plaintiffs' records to their counsel. No response was received to this written request, and no documents were provided.

17. On December 14, 2006, Plaintiffs' counsel made a second written request to SBC Internet Services, Inc. for a copy of all records (including, but not limited to, monthly billings, contracts, and customer service records) which were maintained by SBC Internet Services, Inc. related to the DSL and telephone services provided to Plaintiffs. The written request was accompanied by a copy of the same "Authorization For Release Of Records" which was signed by Plaintiffs and which authorized the release of Plaintiffs' records to their counsel. No response was received to this written request, and no documents were provided.

## VI. CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent a Class defined as follows:

> "All residents of the United States who: (a) initiated DSL service with Defendants; (b) cancelled their DSL service prior to the expiration of their service agreement with Defendants; and (c) within four years of the date of the filing of this Complaint, paid the ETF charged by Defendants."

19. This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof. As used herein, "Class members" shall refer to the members of the Class.

20. While the exact number of Class members is unknown to Plaintiffs at this time and can only be determined by appropriate discovery, membership in the Class is ascertainable

based upon the billing records maintained by Defendants. At this time, Plaintiffs are informed and believe that the Class members number in the thousands. Therefore, the Class is sufficiently numerous that joinder of all Class members in a single action is impracticable under Fed. R. Civ. P. 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

21. Common questions of law and fact exist as to the Class members, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions which affect only individual Class members within the meaning of Fed. R. Civ. P. 23(b)(3).

22. The common questions of fact include, but are not limited to, the following:

   a. whether Defendants charge their customers a fixed, pre-determined ETF upon cancellation of their service agreements prior to their expiration, irrespective of the date of cancellation;

   b. whether Defendants charge their customers a fixed, pre-determined ETF upon cancellation of their service agreements prior to their expiration, irrespective of the reason for cancellation;

   c. whether Defendants charge their customers a fixed, pre-determined ETF upon cancellation of their service agreements prior to their expiration, irrespective of the fact that Defendants lack the ability to continue to provide the service via a transfer of service because Defendants' service is geographically limited;

   d. whether Defendants charge their customers a fixed, pre-determined ETF that unfairly and unreasonably exceeds the damages Defendants may suffer, if any, when customers cancel Defendants' service prior to the expiration of their service agreement; and

   e. whether Class members have sustained damages as a result of Defendants' practice of assessing and collecting a fixed, pre-determined ETF and, if so, the proper measure and appropriate formula to be applied in determining such damages.

23. The questions of law which are common to the members of the Class include, but are not limited to, the following:

    a. whether the ETF charged by Defendants constitutes an unlawful liquidated damages provision under California Civil Code § 1671;

    b. whether Defendants' practice of charging an ETF constitutes an unfair, unlawful and/or fraudulent business practice under California Business and Professions Code § 17200, *et seq.*; and

    c. whether the Class members are entitled to the declaratory relief sought herein.

24. The SBC Yahoo! Terms of Service provide that: "These TOS [Terms of Service] and the relationship between you and SBC Yahoo! will be governed by the laws of the State of California without regard to its conflict of law provisions." Therefore, the claims of all Class members will be adjudicated under California's uniform state law, eliminating the need to apply the laws of multiple states in this action.

25. Plaintiffs' claims are typical of the claims of the other Class members whom they seek to represent under Fed. R. Civ. P. 23(a)(3) because Plaintiffs and each of the Class members have been subjected to the same improper practice and have been damaged in the same manner thereby.

26. Plaintiffs will fairly and adequately represent and protect the interests of the Class members as required by Fed. R. Civ. P. 23(a)(4). Plaintiffs are adequate representatives of the Class, as they have no interests which are adverse to the interests of the Class members. Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel who are experienced in handling class action litigation on behalf of consumers.

27. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action under Fed. R. Civ. P. 23(b)(3) because:

    a. the expense and burden of individual litigation make it economically unfeasible for Class members to seek redress other than through the procedure of a class action;

Case No.:     7

COMPLAINT - CLASS ACTION

  b. if separate actions were brought by individual Class members, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues; and

  c. absent a class action, Defendants likely will retain the benefits of their wrongdoing, and there will be a failure of justice.

28. In the alternative, this action is certifiable under the provisions of Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2) because:

  a. the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

  b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

  c. Defendants have acted or refused to act on grounds generally applicable to the Class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole, and necessitating that any such relief be extended to the Class on a mandatory, class-wide basis.

29. Plaintiffs are aware of no difficulty likely to be encountered in the management of this litigation that should preclude its maintenance as a class action.

30. The names and addresses of the Class members are available from Defendants' records. Notice can be provided to the Class members via first class mail or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law, with the cost of such notice to be borne by Defendants.

# FIRST CLAIM FOR RELIEF

### (Violation Of California Civil Code § 1671)

31. Plaintiffs repeat and incorporate herein by reference each and every allegation in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

33. Under California Civil Code § 1671, a provision in a consumer contract that "liquidat[es] damages for the breach of the contract is void," with the limited exception that the parties may contractually agree upon an amount presumed to be the damage that will be sustained upon a breach of the consumer contract "when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." Cal. Civ. Code § 1671(d).

34. The DSL service which Plaintiffs and each member of the Class obtained through Defendants constitutes "services" under California Civil Code § 1671(c).

35. Plaintiffs and each member of the Class are consumers under § 1671 because they contracted for Defendants' DSL service for "personal, family, or household purposes" as set forth in California Civil Code § 1671(c).

36. The provision authorizing Defendants' assessment of an ETF in its form consumer contracts constitutes an unlawful liquidated damages provision under California Civil Code § 1671 because, even though fixing the amount of actual damages is far from impracticable or extremely difficult, Defendants charge any customer who cancels services prior to the expiration of their service agreement a pre-determined ETF that does not take into pertinent factors, such as the time remaining under the customer's service agreement and/or the reason for the customer's cancellation of service (*e.g.*, moving to a residence located outside of Defendants' service area). Defendants knowingly and predictably realize an unfair and unreasonable benefit by not taking into account such factors.

37. Defendants' ETF provision also constitutes an unlawful liquidated damages provision under California Civil Code § 1671 because the ETF charged does not represent a reasonable endeavor by the parties to estimate fair compensation for the loss, if any, Defendants sustain by a customer's early termination of service. Instead, Defendants' ETF—pre-determined solely by Defendants and embedded in a consumer contract of adhesion—is designed to exceed the damages, if any, Defendants may suffer when a customer cancels service before the expiration of the service agreement, and the ETF acts primarily as a threat to compel fulfillment of the entire service agreement term. Thus, Defendants' purported liquidated damages provision is an invalid attempt to impose a penalty on their customers who cancel service prior to the expiration of their service agreement term.

38. Unless Defendants are enjoined from charging the punitive ETF, Plaintiffs and the other Class members will continue to be injured by Defendants' actions and conduct.

39. So as not to be unjustly enriched by their own wrongful actions and conduct, Defendants should be required to disgorge and restore to Plaintiffs and the other Class members all monies wrongfully obtained by Defendants, plus interest thereon, as a result of Defendants' assessment and collection of an unlawful ETF.

## SECOND CLAIM FOR RELIEF

**(Violation Of California Business And Professions Code § 17200, *et seq.*)**

40. Plaintiffs repeat and incorporate herein by reference each and every allegation in paragraphs 1 through 30 and 32 through 39, inclusive, as though fully set forth herein.

41. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

42. Defendants have engaged in and continue to engage in an unfair and unlawful business practice of charging their customers a fixed, pre-determined ETF that substantially exceeds the damages Defendants may suffer, if any, when customers cancel Defendants' service prior to the expiration of their service agreement and doing so irrespective of the date of cancellation, irrespective of the reason for cancellation, and/or irrespective of the

fact that Defendants lack the ability to continue to provide the service via a transfer of service because Defendants' service is geographically limited.

43. By engaging in the above-described business practice, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200.

44. Defendants' practice is unfair because Defendants charge their customers an ETF irrespective of the date of cancellation, irrespective of the reason for cancellation, and/or irrespective of the fact that Defendants lack the ability to continue to provide the service via a transfer of service because Defendants' service is geographically limited. Defendants thereby realize an unfair benefit from, *inter alia*, their own inability to provide service to a particular area. As such, Defendants' practice is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiffs and the members of the Class.

45. Defendants' practice is unlawful because it violates, *inter alia*, California Civil Code § 1671.

46. Unless Defendants are enjoined from continuing to engage in this unfair and unlawful business practice, Plaintiffs and the other Class members will continue to be injured by Defendants' actions and conduct.

47. So as not to be unjustly enriched by their own wrongful actions and conduct, Defendants should be required to disgorge and restore to Plaintiffs and the other Class members all monies wrongfully obtained by Defendants as a result of their unfair and unlawful business practice, together with interest thereon.

### THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

48. Plaintiffs repeat and incorporate herein by reference each and every allegation in paragraphs 1 through 30, inclusive, as though fully set forth herein.

49. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

Case No.:                                    11

COMPLAINT - CLASS ACTION

50. An actual controversy has arisen and now exists between Plaintiffs and the Class members, on one hand, and Defendants, on the other hand, concerning their respective rights and duties.

51. On the one hand, Plaintiffs and the Class members contend that Defendants are engaging in and continue to engage in an improper practice of charging and collecting a fixed, pre-determined ETF from their customers that substantially exceeds the damages Defendants may suffer, if any, when customers cancel Defendants' service prior to the expiration of their service agreement and doing so irrespective of the date of cancellation, irrespective of the reason for cancellation, and/or irrespective of the fact that Defendants lack the ability to continue to provide the service via a transfer of service because Defendants' service is geographically limited.

52. On the other hand, Defendants contend that their actions and conduct are lawful and proper.

53. Therefore, a judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiffs and the Class members may ascertain their rights and duties with respect to Defendants' practice of charging an ETF.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

### On The First Claim For Relief

54. For an order enjoining Defendants from engaging in the practice of assessing and collecting a fixed, pre-determined ETF that unfairly and unreasonably exceeds the damages Defendants may suffer, if any, when customers cancel Defendants' service prior to the expiration of their service agreement;

55. For disgorgement and restitution to Plaintiffs and the Class members of all monies wrongfully obtained and retained by Defendants; and

56. For prejudgment interest commencing on the date of payment of the ETFs and continuing through the date of entry of judgment in this action.

### On The Second Claim For Relief

57. For an order enjoining Defendants from engaging in the practice of assessing and collecting a fixed, pre-determined ETF that unfairly and unreasonably exceeds the damages Defendants may suffer, if any, when customers cancel Defendants' service prior to the expiration of their service agreement and doing so irrespective of the date of cancellation, irrespective of the reason for cancellation, and/or irrespective of the fact that Defendants lack the ability to continue to provide the service via a transfer of service because Defendants' service is geographically limited;

58. For disgorgement and restitution to Plaintiffs and the Class members of all monies wrongfully obtained and retained by Defendants; and

59. For prejudgment interest commencing on the date of payment of the ETFs and continuing through the date of entry of judgment in this action.

### On The Third Claim For Relief

60. That this Court declare to be unlawful Defendants' practice of assessing and collecting a fixed, pre-determined ETF that unfairly and unreasonably exceeds the damages Defendants may suffer, if any, when customers cancel Defendants' service prior to the expiration of their service agreement and doing so irrespective of the date of cancellation, irrespective of the reason for cancellation, and/or irrespective of the fact that Defendants lack the ability to continue to provide the service via a transfer of service because Defendants' service is geographically limited.

### On All Claims For Relief

61. For all attorneys' fees, expenses and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action, provided that this action results in a common fund for the benefit of the Class members and/or confers a substantial benefit on the Class members; and

62. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable in this action.

Dated: November 14, 2007                ARIAS OZZELLO & GIGNAC LLP

By: _____
J. Paul Gignac
Kiley L. Grombacher
**ARIAS OZZELLO & GIGNAC** LLP
4050 Calle Real, Suite 130
Santa Barbara, California 93110
Telephone: (805) 683-7400
Facsimile: (805) 683-7401
j.paul@aogllp.com

John B. Richards
**LAW OFFICE OF JOHN B. RICHARDS**
137 E. Anapamu Street
Santa Barbara, California 93101
Telephone: (805) 683-2736
Facsimile: (805) 965-5698
jbr@jbrlaw.com

Attorneys for Plaintiffs

Case No.:                              14

**COMPLAINT - CLASS ACTION**

J. Paul Gignac (CSB #125676)
Kiley L. Grombacher (CSB# 245960)
**ARIAS OZZELLO & GIGNAC LLP**
4050 Calle Real, Suite 130
Santa Barbara, California 93110
Telephone: (805) 683-7400
Facsimile: (805) 683-7401
j.paul@aogllp.com

John B. Richards (CSB #175882)
**LAW OFFICE OF JOHN B. RICHARDS**
137 E. Anapamu Street
Santa Barbara, California 93101
Telephone: (805) 683-2736
Facsimile: (805) 965-5698
jbr@jbrlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| STUART HUTCHISON and BARBARA HUTCHISON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T INTERNET SERVICES, INC. f/k/a SBC INTERNET SERVICES, INC., a Delaware corporation and Subsidiary of AT&T, INC; YAHOO! INC., a Delaware corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**<br><br>**CLASS ACTION** |

TO THE COURT:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that

Case No.:                                    1

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| NAME | INTEREST IN CASE |
|---|---|
| STUART HUTCHISON | Plaintiff |
| BARBARA HUTCHISON | Plaintiff |
| AT&T INTERNET SERVICES, INC., a Delaware corporation | Defendant |
| YAHOO! INC., a Delaware corporation | Defendant |

Dated: November 14, 2007          ARIAS OZZELLO & GIGNAC LLP

By: _____
J. Paul Gignac
Kiley L. Grombacher
**ARIAS OZZELLO & GIGNAC** LLP
4050 Calle Real, Suite 130
Santa Barbara, California 93110
Telephone: (805) 683-7400
Facsimile: (805) 683-7401
j.paul@aogllp.com

John B. Richards
**LAW OFFICE OF JOHN B. RICHARDS**
137 E. Anapamu Street
Santa Barbara, California 93101
Telephone: (805) 683-2736
Facsimile: (805) 965-5698
jbr@jbrlaw.com

Attorneys for Plaintiffs

Case No.:                             2

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS